UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SCOTT G. YAHNE,<br><br>    Plaintiff,<br><br>    v.<br><br>UNITED STATES OF AMERCIA; DEPARTMENT OF TREASURY INTERNAL REVENUE SERVICE; DEPUTY ASSISTANT ATTORNEY GENERAL D/B/A DAVAD A. HUBERT; and CALIFORNIA FRANCHISE TAX BOARD,<br><br>    Defendants. | No.  2:24-cv-02813 DJC AC (PS)<br><br>ORDER TO SHOW CAUSE |

    On October 15, 2024, plaintiff filed this action in pro se and paid the filing fee. ECF No. 1. The case was accordingly referred to the undersigned pursuant to Local Rule 302(c)(21). The undersigned has reviewed the complaint and believes that this court lacks subject matter jurisdiction to hear plaintiff's case, and that this case must be dismissed with prejudice.

    "Federal courts are courts of limited jurisdiction." Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377, (1994). In 28 U.S.C. §§ 1331 and 1332(a), "Congress granted federal courts jurisdiction over two general types of cases: cases that "aris[e] under" federal law, § 1331, and cases in which the amount in controversy exceeds $ 75,000 and there is diversity of citizenship among the parties, § 1332(a). Further, the court lacks subject matter jurisdiction over

1 frivolous cases.  See Steel Co. v. Citizens for a Better Environment, 523 U.S. 83, 89 (1998) (holding federal courts lack subject matter jurisdiction to consider claims that are "so insubstantial, implausible, foreclosed by prior decisions of this court, or otherwise completely devoid of merit as not to involve a federal controversy."); Hagans v. Lavine, 415 U.S. 528, 537 (1974) (court lacks subject matter jurisdiction over claims that are "essentially fictitious," "obviously frivolous" or "obviously without merit"); Grancare, LLC v. Thrower by & through Mills, 889 F.3d 543, 549–50 (9th Cir. 2018) (noting that the "wholly insubstantial and frivolous" standard for dismissing claims operates under Rule 12(b)(1) for lack of federal question jurisdiction).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989).  Thus, a court may dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are "clearly baseless," a category encompassing allegations that are "fanciful," "fantastic," and "delusional").  Id. at 327; see also Denton v. Hernandez, 504 U.S. 25, 33 (1992) (discussing Neitzke, "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible, whether or not there are judicially noticeable facts available to contradict them"); Fed. R. Civ. P. 12(h)(3). "[T]he frivolousness determination is a discretionary one" for the court.  Denton, 504 U.S. at 33.

Here, plaintiff alleges that he is a "NON-PARTICIPANT in any Government programs, a Living flesh and blood man standing on the ground." ECF No. 1 at 7.  Plaintiff brings a cause of action for an accounting.  Id at 7-8.  Though the complaint is difficult to decipher, the thrust of plaintiff's allegations is that the Internal Revenue Service and the U.S. Government in general do not have jurisdiction over plaintiff, and therefore cannot tax plaintiff or his property.  Id. at 11-12.  Plaintiff asserts that the IRS is not an organization within the U.S. Department of the Treasury, and even if it was, the undue influence of the Executive Branch violates the principal of separation of powers.  Id. at 12.  Plaintiff states "I do hereby declare that I am not and I never was a 'taxpayer' as that term is defined in the Internal Revenue Code, a 'person liable' for any Internal Revenue Tax, or a 'person' subject to the provisions of that Code, and declare that I am,

1  and have always been, a 'non-taxpayer;' that courts have recognized and acknowledge that
2  individuals can be non-taxpayer[.]" Id. at 13.

3       While plaintiff does not expressly state that he is a "sovereign citizen," the court finds
4  plaintiff's allegations, verbiage, explanations, and exhibits are all demonstrative of the fact that
5  plaintiff's claims are entirely rooted in sovereign citizen ideology.  "While many various sub-
6  groups and ideologies may fall under the sovereign-citizen umbrella, the overarching unifying
7  principle is the belief that, even though they physically reside in this country, the state and federal
8  governments lack constitutional legitimacy and therefore have no authority to regulate their
9  behavior." Caetano v. Internal Revenue Serv., No. 1:22-cv-00837-JLT-SAB, 2023 WL 3319158,
10 at *2, 2023 U.S. Dist. LEXIS 81020 (E.D. Cal. May 9, 2023), report and recommendation
11 adopted, No. 1:22-cv-00837-JLT-SAB, 2023 WL 4087634 (E.D. Cal. June 20, 2023).

12      The "Redemptionist" theory is another frivolous legal theory that has been rejected by
13 countless federal courts.  See, e.g., U.S. v. Benabe, 654 F.3d 753, 761–67 (7th Cir. 2011)
14 (discussing sovereign citizen arguments as "frivolous, irrational, or unintelligible," having no
15 validity in country's legal system and recommending that they be "rejected summarily, however
16 they are presented" and regardless of the individual's claimed status of descent, "be it as a
17 'sovereign citizen,' a 'secured-party creditor,' or a 'flesh-and-blood human being'") (collecting
18 cases); Trevino v. Florida, 687 Fed. App'x 861, 862 (11th Cir. 2017) (per curiam) (affirming
19 district court's sua sponte dismissal of complaint as frivolous under § 1915A, and finding
20 plaintiff's sovereign citizen arguments frivolous, "[Plaintiff's] factual allegations that he is a party
21 to some sort of secured transaction requiring Florida to release him are clearly baseless.");
22 Vazquez v. Cal. Hwy. Patrol, No. 2:15-cv-756, 2016 WL 232332, at *2–3, 2016 U.S. Dist.
23 LEXIS 6722 (E.D. Cal. Jan. 19, 2016) (finding plaintiff's "secured party creditor" theory to be
24 "clearly frivolous," warranting dismissal of § 1983 complaint without leave to amend); see also,
25 U.S. v. Studley, 783 F.2d 934, 937 n.3 (9th Cir. 1986) (commenting that "advancement of such
26 utterly meritless [sovereign citizen] arguments is now the basis for serious sanctions imposed on
27 civil litigants who raise them.").  Consequently, the court believes that plaintiff's claims are based
28 on a frivolous legal theory must be dismissed.

Good cause appearing, IT IS HEREBY ORDERED that plaintiff shall show cause, in writing, no later than November 6, 2024, why this court has subject matter jurisdiction over his case. If plaintiff fails to respond by November 6, 2024, the court will recommend dismissal of his case without prejudice for lack of subject matter jurisdiction.

DATED: October 16, 2024

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE